Rogers *v.* Rogers.

## ROGERS *v.* ROGERS.

*(Knoxville.*    October   29,   1898.)

1. TAXATION.  *Purchaser at chancery sale not liable for taxes, when.*

   Taxes that accrued between the date of the making of a chancery sale and the date of its confirmation must be paid, not by the purchaser, but out of the proceeds of the property sold; and this is true even though the purchaser's notes bear the former date.  *(Post, pp. 429, 430.)*

   Code construed: § 969 (S.); § 806 (M. & V.).

   Cases cited: Shields *v.* Thompson, 4 Bax., 227; Childress *v.* Hunt, 2 Swan, 487; Armstrong *v.* McClure, 4 Heis., 80; Houston *v.* Aycock, 5 Sneed, 412; Ellis *v.* Foster, 7 Heis., 131.

2. ADMINISTRATION.  *Real estate treated as personalty.*

   An interest in real estate, bought by an administrator to save a debt due the estate, is to be treated as personalty, and not as real estate, in making distribution of the assets of the estate. *(Post, pp. 430–432.)*

   Cases cited: Roberts *v.* Jackson, 3 Yer., 79; Johnson *v.* Patterson, 13 Lea, 626; Grimstead *v.* Huggins, 13 Lea, 728.

3. SAME.  *Method of stating account by Clerk.*

   It is not necessary for the Clerk, in stating an administration account, to detail the items of cost charged against a distributee's share in an estate, when such costs were adjudged against the distributee in the same suit upon a prior appeal, and the items appear upon the proper books and dockets of the Court.  *(Post, pp. 430–432.)*

---

FROM   CLAIBORNE.

---

Appeal   from   Chancery   Court   of   Claiborne   County. HUGH  G.  KYLE,  Ch.

JESSE L. ROGERS for John P. Rogers.

S. I. ROGERS for himself.

WILKES, J.   This case is before us on appeal from decree of the Court of Chancery Appeals affirming the Chancellor's decree.

The first question presented under the assignment of errors is whether the vendor or purchaser under a sale made by the Chancery Court is liable for State and county taxes upon land, which taxes accrued after the sale but before the confirmation of the same.

The lands in controversy were decreed to be sold at April term, 1894.   The sale was made August, 22, 1894.   It was reported to the October term, 1894.   The biddings were then opened, and left open until January 16, 1895, when the sale was confirmed.   In the meantime the taxes for 1895 had accrued.   The question presented is, who is liable for these taxes?   The Chancellor held the vendor estate liable, and ordered the taxes paid out of the proceeds of sale, and not the purchaser, and the Court of Chancery Appeals affirmed this decree.

We think the law is clear that no title to land sold under decree of the Chancery Court vests in the purchaser until the sale is confirmed to him by the Court.   He is not entitled to either possession or rents until after confirmation.   And he is not liable for loss or injury by fire or otherwise which may happen to the property after it is sold and

before it is confirmed. *Childress* v. *Hunt*, 2 Swan, 487; *Shields* v. *Thompson*, 4 Bax., 227; *Armstrong* v. *McClure*, 4 Heis., 80. Nor does the confirmation have any retroactive effect so as to relate back to and vest title in the purchaser at the day of sale, even though the purchaser's notes bear that date. *Houston* v. *Aycock*, 5 Sneed, 412; *Armstrong* v. *McClure*, 4 Heis., 80; *Ellis* v. *Foster*, 7 Heis., 131.

The Chancellor and Court of Chancery Appeals are, therefore, correct in decreeing that these taxes be paid out of the proceeds of the land sold, as provided by statute, the day of sale being the day when the sale becomes complete and effective by confirmation. Shannon, § 969.

The second assignment is that certain items set out in the report of the Master are lumping charges. The Court of Chancery Appeals reports that the items are not lumping charges as a matter of fact, and, moreover, that no exception on this ground was made to the Master's report. This assignment is not good, therefore.

The third assignment is that it was error to treat an item of about $456 as part of the real estate, instead of the personal estate, appellant having, as he claims, a greater interest in the latter than in the former, and being, therefore, prejudiced by treating this fund as realty and not personalty.

The Court of Chancery Appeals report that no grounds were stated nor reasons given for this in-

Rogers v. Rogers.

sistence.  It does report, however, that appellant's interest in the real estate was sold for about this amount and he failed to redeem it.  It was bought in for the estate, and in this way swelled the real property of the estate to that extent, and in which appellant was entitled to share in the same proportion as the other heirs.  In other words, the appellant owed the estate about $456, and, in order to save the debt, the estate bought in his interest of one-ninth in the real estate, and he failed to redeeem it.  It thus occurred that $456 of the personal assets were · invested in the real property of the estate. Treating it as thus changed into real property for the benefit of the estate, appellant's share would be only one-ninth of one-ninth, whereas, treating it as still personal assets, his interest would be one-ninth.

We are of opinion appellant's contention on this point is correct.  It is true that the $456 debt due from appellant was bid on the land, but it was purely and solely to secure the debt, and it was not the purpose, nor would it have been within the province of the administrator, to change it into real assets, but only to resell the land and realize the amount bid upon it, and this amount would, when realized, be personal assets, and belong to the distributors and not to the heirs.  *Roberts* v. *Jackson,* 3 Yer., 79; *Johnson* v. *Patterson,* 13 Lea, 626; *Grimstead* v. *Huggins,* 13 Lea, 728.  Appellant is entitled to have this amount and the interest on it

treated as personal assets, instead of real property, and to share in it on that basis.

It is next insisted that it was error to charge appellant's share in the estate with $177.75 costs. The objection seems to be that these costs are charged in a lump. This is not correct, as found by the Court of Chancery Appeals, and is not improper in any event. These costs were adjudged against him in this same suit upon a prior appeal to this Court. The items appear on the proper books and dockets of the Court, and it was not necessary for the Clerk to detail the items. There was a certified statement of these costs, all properly made out, so that there was no error in this feature of the case.

This disposes of all the assignments which are properly before us and have any merit in them.

The decree of the Court of Chancery Appeals is so far modified as to treat the item of $456 and interest as part of the personal estate, and not as part of the real assets of the estate of D. F. Rogers, and, with this modification, it is affirmed, and the cause will be remanded for correction and such further orders as may be necessary. The costs of appeal will be divided, one-half paid by appellant and one-half by the estate.