JAMES L. COOMBS *et al*. Appellees, *vs*. GLADYS A. FUREY
*et al*. Appellants.

*Opinion filed June 21, 1912.*

1. PARTITION—*land taken by an executor in collecting note is part of the assets and not subject to partition.* Where a testatrix leaves nothing but personal property, but the executor, in collecting a mortgage note, accepts a conveyance of the land in settlement, the land is part of the assets of the estate, for which he must account to the legatees in the probate court, and, as between him and the minor heirs of the legatees under the will, there can be no partition of the property.

2. EXECUTORS AND ADMINISTRATORS—*when question of executor's accounts cannot be litigated.* Where the executor of an estate consisting wholly of personal property takes a conveyance to himself, as "trustee," in settlement of a mortgage note, it is proper for the executor, in order to enable him to convey a clear title, to go into a court of equity to correct the conveyance so that it will run to him as "executor;" and in such a proceeding questions relative to his accounts as executor cannot be gone into, although they may be proper subjects of litigation when the executor accounts to the probate court for the proceeds of the land.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

MARY E. MILLER, guardian *ad litem*, for minor appellants.

RICHARD B. TWISS, (JOHN M. GARTSIDE, of counsel,) for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The defendants have appealed from a decree of partition. Ann Maria Darling, a resident of Bangor, Maine, died there, testate, in 1892, leaving an estate consisting entirely of personal property. She left three daughters. By her will she gave two-thirds of the residue of her estate,

after the payment of funeral expenses, debts and the cost of settlement, to two of her daughters, Emma H. Coombs and Elizabeth W. Danforth, in equal shares. The remaining third she directed her executor to transfer, convey, pay over and deliver to the trustee named in her will, for the benefit of her daughter Mary L. Taylor during her life. The trustee was directed to prudently invest and manage the trust estate, to pay to Mary L. Taylor, semi-annually, the net income for her maintenance and support and that of her family, and, if the net income should not be sufficient for that purpose, to pay to her such portion of the principal as he might think necessary for that purpose. At the death of Mary L. Taylor it was directed that the trust should terminate, and the trustee should transfer, convey, pay over and deliver the whole of the trust estate, in equal shares, to her children. James L. Coombs, the husband of Emma H. Coombs, was nominated executor and was also appointed trustee under the will. The will was admitted to probate and letters testamentary were issued out of the probate court of Penobscot county in December, 1892. The appraisers reported the value of the estate at $36,676. The executor proceeded to make distribution to the legatees of the assets of the estate in kind, and by December 20, 1893, as shown by his report made to the January term, 1894, of the probate court, had turned over to Mrs. Danforth assets of the estate of the value of $11,004.17, to Mrs. Coombs $10,243.39, and to himself, as trustee for Mrs. Taylor, $8659. There remained of the assets of the estate only a note of George A. Heflin for $1300 and a note of J. L. Campbell for $3000, with overdue interest notes. The Campbell debt was secured by a trust deed on real estate in Chicago and was appraised at $4407.28. Coombs, being unable to collect the note, filed a bill for the foreclosure of the trust deed, but before decree accepted a conveyance of the property included in the trust deed and surrendered the note. The conveyance was made to

"James L. Coombs, trustee," for the purpose of substitut-
ing the real estate for the note and trust deed as a part of
the estate of Ann Maria Darling. It was made in 1894
and no change in the title has since occurred. It is the
real estate so conveyed which the bill was filed to partition.

Mrs. Danforth died in 1900, intestate, and her only
heir and her surviving husband made a quit-claim deed of
all interest in the premises to Mrs. Coombs, who after-
ward died intestate, leaving her husband surviving and a
son and daughter, her heirs. Mrs. Taylor was divorced
from her husband and married John B. Furey. Three chil-
dren were born of this marriage, who are all minors and
are the appellants. Mrs. Furey died in 1899, leaving these
three children and three children of her previous marriage
as her heirs. The bill was filed by James L. Coombs, his
two children and the three Taylor children against the
three Furey children, and claims that Mrs. Coombs at her
death was the owner of the undivided two-thirds of the
premises, which descended to her children subject to her
husband's dower, and that Mrs. Furey's six children each
own a sixth of the other undivided third. A guardian
*ad litem* was appointed for the defendants and an answer
was filed in their behalf setting up a great many irregulari-
ties alleged to have occurred in the administration of Mrs.
Darling's estate in Maine, in the distribution of the assets,
the charging of commissions, the charging of interest, the
changing of investments, and other particulars, showing
that accounts were filed and settled without notice to de-
fendants; that information which should have been given
to the court was withheld; that the taking of the real es-
tate instead of the note secured by the trust deed was done
without the knowledge or authority of the probate court,
and that the same is true of the taking of certain bonds
and stocks instead of the $1300 note, resulting in a loss
to the estate; that the settlements made in the probate
court were interlocutory, only, and not final and conclusive

on the defendants; and that upon a just accounting it would be ascertained that the interest of the defendants in the real estate would be increased and that of the other parties reduced. A cross-bill was also filed setting up all these matters in greater detail, and the answer and cross-bill were afterward amended, the defendants claiming that all of the assets of the estate of Ann Maria Darling, except the property here involved, have been disposed of by the executor; that in this proceeding is involved the final settlement by the executor of the accounts of the estate, and that the defendants are entitled to go into the whole matter, to surcharge the accounts of the executor presented to the probate court, to correct errors or fraud found in them, and, in general, to have here and now a complete accounting and a decree determining all the controverted matters in regard to the estate and adjusting them in determining the interests of the various parties in this real estate. The cause was referred to a master, and upon a hearing on objections to his report a decree of partition was rendered in accordance with the claims of complainants.

The real estate involved in this case was not the subject of partition. There was no land held in joint tenancy, tenancy in common or coparcenary. The entire estate of Ann Maria Darling was personalty, and as between the executor and the legatees it remained personalty. The duty of the executor was to convert the estate into money and pay it to the legatees, Mrs. Coombs, Mrs. Danforth and himself, as trustee. The fact that in endeavoring to collect a debt he took a conveyance of real estate does not affect the matter. The real estate was a part of the assets of the estate, which he was bound to distribute as personal property. (*Rogers* v. *Rogers,* 101 Tenn. 428.) No one of the legatees had any specific interest in any particular part of the assets. The title, both legal and equitable, to the land was in James L. Coombs, as executor. The legatees had only the right to require him to account for the

proceeds.    No one of them could have maintained a proceeding against him for the partition of the premises.    He could not maintain such a proceeding against them, for the reason that he had the whole title and they had no interest in the land.    The appellants are all minors, and even if by consent the parties might have agreed to treat the land so conveyed to the executor as real estate and to partition it, the appellants had not the capacity to make such agreement.    On account of the error in taking the conveyance to him as "trustee" instead of "executor" it would, perhaps, be necessary, or at least proper, to apply to a court of chancery for authority to make the sale in order to make the title clear, but it was not proper for any other purpose.

The bill showed no right to a partition.    It showed that the estate of Ann Maria Darling was still unsettled in the probate court in Maine, and that it was the executor's duty to proceed to convert what assets remained in his hands, including this real estate, into money and to distribute it and settle his accounts with the probate court.    The only relief he could have under his bill was an order authorizing him to make sale of the premises as executor though they were conveyed to him as trustee.    The relief asked by the cross-bill was not germane to the bill.    The transactions of the executor in connection with the estate, and the condition of his accounts, the mistakes he may have made, even the frauds he may have committed, are not questions within the jurisdiction of the court on an application which can be for no more, substantially, than the correction of a mistake in a conveyance.    All the questions sought to be raised on this record, so far as they are open to inquiry, may be presented to the probate court, but they have no connection with the present case.

The decree is reversed and the cause remanded.

*Reversed and remanded.*